UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CARLOS DELGADO,

                     Plaintiff,

                                   Case No. 1:22-cv-1171

v.

                                   Honorable Phillip J. Green

UNKNOWN GUST, et al.,

                     Defendants.

_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff was previously granted leave to proceed *in forma pauperis*. (ECF No. 4). Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 5.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c).  The Court is required to conduct this initial review prior to the service of the complaint.  *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).  Service of the complaint on the named defendant(s) is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ."

2

28 U.S.C. § 636(c).  Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way that they are not parties who will be served with or given notice of this opinion.  *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Mark, Amanda, and Page.  The following claims remain in the

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

case: Plaintiff's Eighth Amendment and state law claims against Defendants Gust, Mitchell, and Unknown Parties #1–3; and Plaintiff's First Amendment retaliation claim against Defendant Gust.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility (LRF) in Muskegon Heights, Muskegon County, Michigan.   The events about which he complains occurred at that facility.   Plaintiff sues the following LRF officials and medical staff: Corrections Officers Unknown Gust, Unknown Party #1, Unknown Party #2, and Unknown Party #3; Sergeant Unknown Mitchell; Registered Nurse Mark; Nurse Supervisor Amanda; and Inspector T. Page.[2]   (Compl., ECF No. 1, PageID.2–3.)

In Plaintiff's complaint, he alleges that on April 5, 2022, Defendant Gust ordered Plaintiff "to come to the door [of Plaintiff's cell] and comply with a mandatory cell search."[3]   (*Id.*, PageID.6.)   Plaintiff went to the door, and he was then "grabbed on [his] right and left arm and ordered not to move" by Defendants Gust, Unknown

---

[2] In the body of Plaintiff's complaint, he references "Psych Boler," (ECF No. 1, PageID.9), and when setting forth his legal claims, he references an individual named "Bolen." (*Id.*, PageID.11.) Plaintiff did not identify either of these individuals as a Defendant when he listed the Defendants in this action. Because Plaintiff did not include these individuals in his list of Defendants, the Court does not address them as such.

[3] In this opinion, the Court corrects the spelling and punctuation in quotations from Plaintiff's filings.

Party#1, Unknown Party #2, Unknown Party #3, and Mitchell. (*Id.*) Plaintiff asked why the officers "were grabbing [him] so aggressively," and Defendant Gust responded, "shut up or things will get worse." (*Id.*) Plaintiff "immediately requested a sergeant to make a complaint to the unit supervisor." (*Id.*) Defendant Gust told Plaintiff "to 'shut the fuck up.'" (*Id.*) Defendant Gust "then proceeded to slowly rub [Plaintiff's] arms, shoulders, and proceeded to go down [Plaintiff's] side; [Defendant Gust] stopped at [Plaintiff's] midsection and grabbed [Plaintiff's] penis and the left testicle." (*Id.*) Plaintiff asked Defendant Gust "what was he doing touching [Plaintiff] like that" and Plaintiff also asked for a sergeant. (*Id.*, PageID.7.) Plaintiff states that "[t]he sergeant had been standing on the side of one of the officers and told [Plaintiff] to shut up or 'things will get worse.'" (*Id.*)

Thereafter, Defendant Gust "started on the other side of [Plaintiff's] body from [Plaintiff's] shoulder to the side of [his] chest, all the way down stopping at [Plaintiff's] private area," and Defendant Gust "grabbed [Plaintiff's] penis a second time and then [Plaintiff's] right testicle." (*Id.*) Plaintiff "screamed out in pain and asked the other officers to do something." (*Id.*) Plaintiff was told "to shut up and don't move or [he] would be 'detained and placed in the hole'" by three or four of these unknown officers "watching [Defendant] Gust's shakedown and cavity search." (*Id.*)

Plaintiff alleges that "[w]hen [he] threatened to write a grievance on each of these officers, Gust stated, 'motherfucker!'" (*Id.*) Plaintiff claims that Defendant Gust then "pushed his index finger inside [Plaintiff's] anus through [Plaintiff's] shorts and underwear causing [Plaintiff] to scream out in pain and jerk from the stinging

pain." (*Id.*)  Plaintiff states that after this incident, he "was in pain for several weeks." (*Id.*, PageID.8.)

The following day, April 6, 2022, Plaintiff "reported to healthcare that [he] had been sexually assaulted and that blood was leaking from [his] anus."  (*Id.*)  Plaintiff was told that he "would be called out to be seen but had to fill out a medical kite." (*Id.*)  Plaintiff alleges that an unnamed individual "denied [Plaintiff] emergency medical treatment after stating, 'Welcome to LRF.'"  (*Id.*)

At an unspecified time, Plaintiff "mailed complaints to the healthcare supervisor, Defendant Amanda, who told [Plaintiff] she was getting ready to go home [and] that if [Plaintiff was] not dying, to file a grievance."  (*Id.*)  Plaintiff states that he "was never seen by health services for [his] injuries."  (*Id.*)

The same day of the incident, April 5, 2022, Plaintiff "reported a staff sexual assault and denial of medical treatment to [Defendant] Page."  (*Id.*)  Plaintiff states that Defendant Page "denied [Plaintiff's] grievance against the officers . . . stating that [the] grievance was vague."[4]  (*Id.*)  When Plaintiff did not receive "any response to [his] [Prison Rape Elimination Act (PREA)] complaint," he "kited [Defendant]

---

[4] When setting forth his factual allegations and legal claims, Plaintiff seemingly lists two individuals with the last name Page, both of whom may have had involvement in the denial of his grievance and the failure to investigate his complaint of sexual assault. (*See, e.g.*, Compl., ECF No. 1, PageID.8, 11 (discussing "Grievance Coordinator Page" and "Inspector Page").) Plaintiff, however, only identified one individual named Page—Inspector Page—when listing the Defendants in this action. To the extent that Plaintiff intended to name two individuals named Page as Defendants, the Court's analysis in this opinion regarding Defendant Page would apply to both individuals. Therefore, as set forth herein, both of these individuals would be dismissed due to Plaintiff's failure to state a claim against them. *See infra* Part II.D.

Page," and Defendant Page had Plaintiff "sign a fact and finding of the sexual abuse investigation." (*Id.*, PageID.9.)  In Defendant Page's investigation report, Defendant Page said "that he was investigating a prisoner on prisoner assault (sexual) because he did not believe one of his fellow officers would sexually assault a prisoner." (*Id.*)  Plaintiff states that Defendant Page "failed to investigate the assault by Officer Gust, his supervisor, and the other officers." (*Id.*, PageID.8.)

Plaintiff alleges that he has "insomnia, bad dreams of sexual assaults, and depression that [he] suffer[s] every night," and that he has requested mental health treatment for these issues "to no avail." (*Id.*, PageID.9.)

Based on the foregoing allegations, Plaintiff avers that Defendants Gust, Unknown Party #1, Unknown Party #2, Unknown Party #3, Mitchell, Mark, Amanda, and Page violated his Eighth Amendment rights. (*Id.*, PageID.10–11.)  Plaintiff also avers that Defendants Gust and Page violated his First Amendment rights, and that Defendant Page violated his Fourteenth Amendment rights. (*Id.*, PageID.11.)  Further, Plaintiff avers that Defendants Gust, Unknown Party #1, Unknown Party #2, Unknown Party #3, and Mitchell violated his rights under state law. (*Id.*, PageID.10.)  As relief, Plaintiff seeks a "declaratory ruling," as well as compensatory and punitive damages. (*Id.*, PageID.5.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations,

a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly*/*Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive

rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## A.    Defendant Mark

With respect to Defendant Mark, Plaintiff fails to allege any facts regarding the actions of this Defendant.[5]  Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.  *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).  Here, Plaintiff's claims against Defendant Mark fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and are subject to dismissal.  Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").  Accordingly, for these reasons, Defendant Mark, and Plaintiff's claims against him, will be dismissed.

---

[5] On one page of Plaintiff's complaint, he wrote Defendant Mark's name; however, Plaintiff then crossed out Defendant Mark's name and replaced his name with Defendant Amanda's name. (*See* Compl., ECF No. 1, PageID.8.)

### B.      Defendants Gust, Mitchell & Unknown Parties #1–3

Plaintiff alleges that Defendants Gust, Mitchell, and Unknown Parties #1–3 violated his Eighth Amendment rights.  (Compl., ECF No. 1, PageID.10–11.)  Plaintiff also alleges that Defendant Gust violated his First Amendment right to be free from retaliation.  (*Id.*, PageID.11.)

### 1.      Eighth Amendment Claims—Defendants Gust, Mitchell & Unknown Parties #1–3

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII.  In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)).

"Federal courts have long held that sexual abuse is sufficiently serious to violate the Eighth Amendment[;] [t]his is true whether the sexual abuse is perpetrated by other inmates or by guards." *Rafferty v. Trumbull Cnty.*, 915 F.3d 1087, 1095 (6th Cir. 2019) (citations omitted); *Bishop v. Hackel*, 636 F.3d 757, 761 (6th Cir. 2011) (discussing inmate abuse); *Washington v. Hively*, 695 F.3d 641, 642 (7th Cir. 2012) (discussing abuse by guards).  However, the United States Court of Appeals for the Sixth Circuit Court has joined multiple other courts to conclude that even incidents of sexual touching coupled with sexual remarks may not rise to the level of an Eighth Amendment violation so long as the offensive conduct was "isolated,

brief, and not severe[.]"  *Rafferty*, 915 F.3d at 1095 (quoting *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005)).  In contrast, repeated and extreme incidents may sufficiently state a claim.  For example, the Sixth Circuit found an Eighth Amendment violation when a male prison official sexually harassed a female prisoner by demanding on multiple occasions that the prisoner expose herself and masturbate while the official watched and intimidated her into complying.  *Id.* at 1095–96.

Further, in order to state a failure-to-protect claim, a plaintiff must demonstrate (1) that he "objectively" was "incarcerated under conditions posing a substantial risk of serious harm," *Farmer*, 511 U.S. at 834, and (2) that the official acted with "deliberate indifference" to inmate safety, "meaning the official was 'subjectively aware of the risk' and 'fail[ed] to take reasonable measures to abate it.'" *Reedy v. West*, 988 F.3d 907, 912 (6th Cir. 2021) (quoting *Farmer*, 511 U.S. at 829, 834, 847).

In this action, Plaintiff alleges that Defendant Gust sexually assaulted him while Defendant Gust was conducting a search of Plaintiff's person, and that Defendants Mitchell and Unknown Parties #1–3 were present during this incident. *See supra* Part I; (*see also* Compl., ECF No. 1, PageID.6–7.)  Taking Plaintiff's factual allegations as true and in the light most favorable to him, the Court may not dismiss Plaintiff's Eighth Amendment claims against Defendants Gust, Mitchell, and Unknown Parties #1–3 on initial review.

### 2.    First Amendment Claim—Defendant Gust

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.

1999) (en banc).  In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct.  *Id.*  Moreover, a plaintiff must be able to show that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Here, Plaintiff alleges that after he "threatened to write a grievance" regarding Defendant Gust's actions during the search of Plaintiff's person on April 5, 2022, Gust uttered an expletive and then "pushed his index finger inside [Plaintiff's] anus through [Plaintiff's] shorts and underwear."  (Compl., ECF No. 1, PageID.8.) Although Plaintiff has by no means proven retaliation, viewing the allegations in the complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff's First Amendment retaliation claim against Defendant Gust may not be dismissed on initial review.

### C.      Defendant Amanda

Plaintiff alleges that Defendant Amanda, a nurse supervisor at LRF, violated his Eighth Amendment rights.[6]  (Compl., ECF No. 1, PageID.11.)

The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency.  *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner.  *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component.  *Farmer*, 511 U.S. at 834.  To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious.  *Id.*  In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.  *Id.*  The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[] for

---

[6] In setting forth his claims, Plaintiff states that Defendant Amanda violated his Eighth Amendment rights by failing to stop or investigate "the sexual assault of Plaintiff." (Compl., ECF No. 1, PageID.11.) However, Plaintiff alleges no facts to suggest that Defendant Amanda was present during the incident with Defendant Gust or that Defendant Amanda had any involvement in the investigation of the incident. Therefore, to the extent that Plaintiff intended to bring an Eighth Amendment claim against Defendant Amanda premised on the failure to protect him from the assault or the failure to investigate the assault, Plaintiff would fail to state a claim. *Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). However, liberally construing *pro se* Plaintiff's complaint as the Court is required to do, the Court construes Plaintiff's complaint to raise an Eighth Amendment claim against Defendant Amanda premised on her failure to provide Plaintiff with adequate medical care following the incident with Defendant Gust.

medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008).  Obviousness, however, is not strictly limited to what is detectable to the eye.  Even if the layman cannot see the medical need, a condition may be obviously medically serious where a layman, if informed of the true medical situation, would deem the need for medical attention clear.  *See, e.g.*, *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (holding that prisoner's severed tendon was a "quite obvious" medical need, since "any lay person would realize to be serious," even though the condition was not visually obvious).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care.  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).  Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.  To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence . . . : A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842).

However, not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the United States Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105–06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017); *Briggs v. Westcomb*, 801 F. App'x 956, 959 (6th Cir. 2020); *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

### 1.    Objective Component

On April 6, 2022, the day following the incident with Defendant Gust, Plaintiff "reported to healthcare that [he] had been sexually assaulted and that blood was leaking from [his] anus." (Compl., ECF No. 1, PageID.8.) Additionally, Plaintiff alleges that he has "insomnia, bad dreams of sexual assaults, and depression that [he] suffer[s] every night." (*Id.*, PageID.9.) Based on Plaintiff's allegations regarding

these medical conditions, at this stage of the proceedings, the Court assumes, without deciding, that Plaintiff has adequately alleged the objective component of the relevant two-prong test.

### 2. Subjective Component

With respect to Defendant Amanda's involvement in Plaintiff's receipt of medical care, Plaintiff alleges that at an unspecified time after the incident with Defendant Gust, Plaintiff "mailed complaints to the healthcare supervisor, Defendant Amanda, who told [Plaintiff] she was getting ready to go home [and] that if [Plaintiff was] not dying, to file a grievance." (*Id.*, PageID.8.) Plaintiff states that he "was never seen by health services for [his] injuries." (*Id.*)

As an initial matter, although Plaintiff contends that he "mailed complaints" to Defendant Amanda, Plaintiff fails to allege any facts indicating what information he provided in the complaints. Without factual allegations about what information Plaintiff included when he "mailed complaints" to Defendant Amanda, there are no facts in the complaint from which to reasonably infer that Defendant Amanda had any awareness of a substantial risk of serious harm to Plaintiff. *See Farmer*, 511 U.S. at 835.

Moreover, although Plaintiff alleges that he mailed the "complaints" on an unspecified date, and that Defendant Amanda "told [Plaintiff] she was getting ready to go home [and] that if [Plaintiff was] not dying, to file a grievance," Plaintiff alleges no facts indicating that Defendant Amanda had any prior or subsequent involvement in determining when Plaintiff would be scheduled for a health care appointment. (Compl., ECF No. 1, PageID.8.); *see also Grinter v. Knight*, 532 F.3d 567, 575–76 (6th

16

Cir. 2008) (discussing that a claimed constitutional violation must be based upon active unconstitutional behavior).  That is, Plaintiff alleges no facts about whether he followed Defendant Amanda's recommendation to file a grievance regarding the matter or whether he submitted a health care request to whomever was working after Defendant Amanda's shift ended.  Plaintiff appears to ask the Court to fabricate plausibility to his claims from mere ambiguity regarding Defendant Amanda's involvement in the matter; however, ambiguity does not support a claim.  *See Frazier*, 41 F. App'x at 764.  At most, Plaintiff's allegations regarding Defendant Amanda's response to Plaintiff's "complaints" suggest that Defendant Amanda may have acted negligently by telling Plaintiff to file a grievance regarding the issue as long as "[Plaintiff was] not dying" because "she was getting ready to go home."  (Compl., ECF No. 1, PageID.8.)  However, an Eighth Amendment violation requires a "state of mind more blameworthy than negligence."  *Farmer*, 511 U.S. at 835.

Accordingly, for the reasons set forth above, Plaintiff's Eighth Amendment claim against Defendant Amanda will be dismissed.

### D.    Defendant Page

Plaintiff alleges that Defendant Page violated his First, Eighth, and Fourteenth Amendment rights by "unlawfully" denying Plaintiff's grievance and failing to properly investigate Plaintiff's PREA complaint.  (Compl., ECF No. 1, PageID.11.)  As explained below, all of Plaintiff's claims against Defendant Page will be dismissed because Plaintiff fails to state any claim against Defendant Page upon which relief may be granted.

### 1. First & Fourteenth Amendment Claims—Grievance Denial

Plaintiff first alleges that Defendant Page violated his First and Fourteenth Amendment rights by "unlawfully" denying Plaintiff's grievance regarding the incident with Defendant Gust. (*Id.*)

As an initial matter, the courts repeatedly have held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy*, 30 F. App'x 568, 569–70 (6th Cir. 2002); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). And, Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994).

Moreover, Plaintiff's right to petition the government was not violated by Defendant Page's denial of the grievance. The First Amendment "right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see also Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 285 (1984) (holding the right to petition protects only the right to address government; the government may refuse to listen or respond).

Furthermore, Defendant Page's action did not bar Plaintiff from seeking a remedy for his grievance. *See Cruz v. Beto*, 405 U.S. 319, 321 (1972). "A prisoner's constitutional right to assert grievances typically is not violated when prison officials prohibit only 'one of several ways in which inmates may voice their complaints to, and seek relief, from prison officials' while leaving a formal grievance procedure intact." *Griffin v. Berghuis*, 563 F. App'x 411, 415–16 (6th Cir. 2014) (citing *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 130 n.6 (1977)). Indeed, Plaintiff's ability to seek redress is underscored by his *pro se* invocation of the judicial process. *See Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982). Even if Plaintiff had been improperly prevented from proceeding with his grievance, his right of access to the courts to petition for redress of his grievances (i.e., by filing a lawsuit) cannot be compromised by his inability to file institutional grievances, and he therefore cannot demonstrate the actual injury required for an access-to-the-courts claim. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343, 355 (1996) (requiring actual injury); *Bounds v. Smith*, 430 U.S. 817, 821–24 (1977). The exhaustion requirement only mandates exhaustion of *available* administrative remedies. *See* 42 U.S.C. § 1997e(a). If Plaintiff were improperly denied access to the grievance process, the process would be rendered unavailable, and exhaustion would not be a prerequisite for initiation of a civil rights action. *See Ross v. Blake*, 578 U.S. 632, 640–44 (2016) (reiterating that, if the prisoner is barred from pursuing a remedy by policy or by the interference of officials, the grievance process is not available, and exhaustion is not required); *Kennedy v. Tallio,* 20 F. App'x 469, 470–71 (6th Cir. 2001).

Therefore, for all of the reasons set forth above, Plaintiff fails to state a claim against Defendant Page regarding the denial of Plaintiff's grievance.

### 2.    Eighth Amendment Claim—Cruel & Unusual Punishment

Plaintiff alleges that Defendant Page's failure "to investigate the sexual assault of the Plaintiff constituted cruel and unusual punishment" in violation of the Eighth Amendment.  (Compl., ECF No. 1, PageID.11.)

The Eighth Amendment prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)).  The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998).

In this action, Plaintiff contends only that Defendant Page denied Plaintiff's grievance and reported the findings of the investigation into Plaintiff's PREA complaint—which Plaintiff believes was an inadequate investigation—however, Plaintiff does not allege that Defendant Page took any other action that violated Plaintiff's Eighth Amendment rights.  The Sixth Circuit has held that where the defendant's only involvement in the allegedly unconstitutional conduct is "the denial of administrative grievances or the failure to act," the defendant cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  The reason is that there must be active unconstitutional behavior.  Failing to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active

unconstitutional behavior by a person who merely denies an administrative grievance. *Id.*

Furthermore, to the extent that Plaintiff seeks to hold Defendant Page liable for the actions of his subordinates, government officials, such as Defendant Page, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter*, 532 F.3d at 575–76; *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, as discussed above, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee*, 199 F.3d at 300.

Accordingly, for all of the reasons set forth above, Plaintiff's Eighth Amendment claim against Defendant Page will be dismissed.

### 3.   Fourteenth Amendment Due Process Claims—Failure to Investigate

#### a.   Procedural Due Process

The Court construes Plaintiff's complaint to raise a Fourteenth Amendment due process claim against Defendant Page for failing to properly investigate Plaintiff's PREA complaint. (*See* Compl., ECF No. 1, PageID.11.) Specifically,

Plaintiff contends that Defendant Page "failed to investigate the assault by Officer Gust," (*id.*, PageID.8), and in Defendant Page's investigation report, Defendant Page said "that he was investigating a prisoner on prisoner assault (sexual) because he did not believe one of his fellow officers would sexually assault a prisoner." (*Id.*, PageID.9.)

The elements of a procedural due process claim are (1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)).

With respect to Defendant Page's allegedly inadequate investigation into Plaintiff's PREA complaint, Plaintiff alleges no facts to suggest that, as a result of the investigation, he stood to be deprived of his life, liberty, or property, such that he would be entitled to due process of law.[7] *Cf. Wolff v. McDonnell*, 418 U.S. 539, 563–69 (1974) (setting forth the minimum process required for prison disciplinary

---

[7] To the extent Plaintiff contends that Defendant Page failed to comply with PREA guidelines, Plaintiff cannot maintain such a claim. Plaintiff "has no independent cause of action for any [individual's] failure to comply with the [PREA]." *Beeman v. Heyns*, No. 1:16-cv-27, 2016 WL 1316771, at *12 n.4 (W.D. Mich. Apr. 5, 2016) ("Although not addressed in the Sixth Circuit, district courts have found that the PREA does not create a private cause of action which can be brought by an individual plaintiff." (quoting *Montgomery v. Harper*, No. 5:14-cv-P38R, 2014 WL 4104163, at *2 (W.D. Ky. Aug. 19, 2014))).

proceedings that implicate a liberty interest).  Furthermore, "a claim based on an inadequate investigation fails to state a constitutional violation because private citizens have no constitutional or federal statutory right to compel the investigation of another person." *Miles v. Mitchell*, No. 3:18-CV-P116-CRS, 2018 WL 5929643, at *5 (W.D. Ky. Nov. 13, 2018) (citing, *inter alia*, *Diamond v. Charles*, 476 U.S. 54, 64–65 (1986)); *see also Browder v. Parker*, No. 5:11CV-P29-R, 2011 WL 2379406, at *7 (W.D. Ky. Jun. 15, 2011) ("Private citizens, whether or not they are incarcerated, have no constitutional or federal statutory right to compel the investigation of another person." (citing *Diamond*, 476 U.S. at 64–65; *White v. City of Toledo*, 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002))).  Additionally, as discussed above, Plaintiff has no due process right to file a prison grievance.  *See supra* Part II.D.1.

For all of these reasons, Plaintiff fails to state a Fourteenth Amendment procedural due process claim against Defendant Page, and this claim will be dismissed.

**b.  Substantive Due Process**

To the extent that Plaintiff intended to raise a substantive due process claim regarding Defendant Page's allegedly inadequate investigation into Plaintiff's PREA complaint, he fails to state such a claim. "Substantive due process . . . serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)).  Specifically, "[s]ubstantive due process 'prevents the government from engaging in conduct that shocks the conscience or

23

interferes with rights implicit in the concept of ordered liberty.'" *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)).  "Conduct shocks the conscience if it 'violates the decencies of civilized conduct.'" *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998)).

In this action, Plaintiff fails to allege conduct that is sufficiently outrageous to support a substantive due process claim.  Based on the facts alleged by Plaintiff, it is clear that Plaintiff disagreed with Defendant Page's report regarding Plaintiff's PREA complaint, however, Plaintiff was not entitled to have Defendant Page's investigation resolve in his favor.  Plaintiff's allegations fall short of demonstrating the sort of egregious conduct that would support a substantive due process claim. Consequently, any intended substantive due process claim against Defendant Page will be dismissed.

### E.    State Law Claims— Defendants Gust, Mitchell & Unknown Parties #1–3

Plaintiff contends that the actions of Defendants Gust, Mitchell, and Unknown Parties #1–3 constituted intentional infliction of emotional distress.  (Compl., ECF No. 1, PageID.10.)

Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982).  Section 1983 does not provide redress for a violation of a state law.  *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d

1162, 1166 (6th Cir. 1994).  Plaintiff's assertions that Defendants Gust, Mitchell, and Unknown Parties #1–3 violated state law fail to state a claim under § 1983.

Furthermore, in determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).  Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)).  Because Plaintiff continues to have pending federal claims against Defendants Gust, Mitchell, and Unknown Parties #1–3, the Court will exercise supplemental jurisdiction over his state law claims against these Defendants.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Mark, Amanda, and Page will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The following claims remain in the case: Plaintiff's Eighth Amendment and state law claims against Defendants Gust, Mitchell, and Unknown Parties #1–3; and Plaintiff's First Amendment retaliation claim against Defendant Gust.

An order consistent with this opinion will be entered.

Dated:  March 24, 2023                            /s/ Phillip J. Green
                                                 PHILLIP J. GREEN
                                                 United States Magistrate Judge